UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LEE SIEWERT, ) | |
|       Petitioner, ) | 3:07-cv-00020-LRH-VPC |
| vs. ) | ORDER |
| DIRECTOR OF CORRECTIONS, *et al.*, ) | |
|       Respondents. ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by David Lee Siewert, a Nevada state prisoner. Pending before the Court is respondents' motion to dismiss. (Docket #17). Although petitioner was granted an extension of time to file a late response to the motion, petitioner has not filed a response. (*See* Order at Docket #23).

**I.    Procedural History**

On October 9, 2001, an information was filed in the Fifth Judicial District Court of Nevada, charging petitioner with one count of sexual assault against a child under the age of fourteen. (Exhibit 6).[1] A jury trial was held from February 4, 2002, through February 6, 2002. (Exhibits 13-15). Petitioner was found guilty of the charge. (Exhibit 17). Petitioner's sentencing hearing was conducted on May 22, 2002, at which time he was sentenced to life with the possibility of parole after 10 years. (Exhibit 20).

---

[1] The exhibits referenced in this order were provided by respondents in support of their motion to dismiss and are found in the Court's record at Docket #18 and #19).

Petitioner filed a timely notice of appeal. (Exhibit 21). Petitioner filed a motion for a new trial on the same date, June 27, 2002. (Exhibit 22). On February 18, 2004, the Nevada Supreme Court issued is order of affirmance. (Exhibit 29).

Petitioner filed a state post-conviction habeas petition on January 11, 2005. (Exhibit 33). The state district court dismissed the habeas petition on December 8, 2005. (Exhibit 39). On November 29, 2006, the Nevada Supreme Court issued its order of affirmance of the state district court's denial of petitioner's state habeas petition. (Exhibit 44). Remittitur issued on December 26, 2006. (Exhibit 46).

This Court received petitioner's federal habeas petition on January 10, 2007. (Docket #1, #4). Respondents filed a motion for more definite statement. (Docket #8). The Court granted respondents' motion by order filed January 17, 2008. (Docket #11).

Petitioner filed an amended petition on February 15, 2008. (Docket #12). Petitioner raises the following grounds in his amended petition:

>  Ground One (A): "Violation of *Petrocelli* hearing."
>
>  Ground One (B): "Violation of 72-hour arraignment."
>
>  Ground One (C): "Violation of preliminary [hearing] law."
>
>  Ground Two: Petitioner alleges that his right to a fair trial was violated because "false testimony was uttered by [a] key witness."
>
>  Ground Three: Petitioner claims that his right to a fair trial was violated because he should have been given a psycho-sexual evaluation prior to his trial rather than before his sentencing.

(Am. Petition, at Docket #12). Respondents have moved to dismiss Grounds One (A), (B), and (C).

///
///
///
///
///

1  **II.     Discussion**

2      **A.  Ground One (A)**

3      In Ground One (A) of the amended petition, petitioner asserts a "violation of *Petrocelli*[2]

4  hearing." (Am. Pet., at Docket #12, at p. 3). An error of state law may constitute a basis for federal

5  habeas relief only when due process rights are violated. *See Estelle v. McGuire*, 502 U.S. 62, 67-68

6  (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court

7  determinations on state-law questions. In conducting habeas review, a federal court is limited to

8  deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

9      In the instant case, Ground One (A) is not cognizable as a federal habeas claim because it

10 concerns a ruling on a state procedural issue, the *Petrocelli* hearing. Petitioner has not alleged gross

11 or unfair prejudice in connection with the *Petrocelli* hearing, and no federal constitutional violation

12 is implicated. Ground One (A) is not the proper subject of federal habeas corpus review, and

13 therefore shall be dismissed.

14     **B.  Grounds One (B) and One (C)**

15         **1.  General Principles of Procedural Default**

16     "Procedural default" refers to the situation where a petitioner in fact presented a claim to the

17 state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits.

18 A federal court will not review a claim for habeas corpus relief if the decision of the state court

19 regarding that claim rested on a state law ground that is independent of the federal question and

20 adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

21     The *Coleman* Court stated the effect of a procedural default, as follows:

22         In all cases in which a state prisoner has defaulted his federal claims in
state court pursuant to an independent and adequate state procedural
23         rule, federal habeas review of the claims is barred unless the prisoner
can demonstrate cause for the default and actual prejudice as a result of

---

[2] *Petrocelli v. State,* 101 Nev. 46, 692 P.2d 503 (1985) ("before evidence of a prior bad act can be admitted, the state must show, by plain, clear and convincing evidence that the defendant committed the offense.")

> the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003)..

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**2. There was Procedural Default in State Court**

On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court ruled that appellant waived certain grounds, pursuant to NRS 34.810(1)(b)(2), because he failed to raise the issues in his direct appeal. The Nevada Supreme Court ruled that petitioner waived the

ground that petitioner's "rights were violated because he was not arraigned until twelve days after he was arrested." (Exhibit 44, at p. 8). This is the same claim that petitioner now raises as Ground One (B) of his amended federal habeas petition. (Am Pet., at Docket #12, at p. 3). The Nevada Supreme Court also ruled that petitioner waived the ground that petitioner's "rights were violated because his preliminary hearing was held three months after his arraignment." (Exhibit 44, at p. 8). This is the same claim that petitioner now raises as Ground One (C) of the amended federal habeas petition. (Am. Pet., at Docket #12, at p. 3). Thus, Grounds One (B) and One (C) of the amended federal habeas petition were identified by the Nevada Supreme Court as being waived under NRS 34.810(1)(b)(2), because they could have been raised on direct appeal but were not.

### 3. The Procedural Default was an Independent and Adequate Ground for the Nevada Supreme Court's Disposition of Petitioner's Claims

"In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case -- NRS 34.810 -- is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003) (holding that the procedural bar of NRS 34.810 is adequate state ground to bar federal review in non-capital cases); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999) ("Thus, Nevada follows a strict rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty of procedural default."), *cert. denied*, 529 U.S. 1073 (2000); *see also Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir. 2001) (distinguishing capital and non-capital cases); *Valerio v. Crawford*, 306 F.3d 742 (9th Cir. 2002) (same); *cf. Pellegrini v. State,* 117 Nev. 860, 887, 34 P.3d 519, 536 (2001).

This Court finds that the Nevada Supreme Court's holding that certain grounds of petitioner's state habeas petition was procedurally barred under NRS 34.810 was an independent and adequate ground for the court's dismissal of that portion of the state habeas petition which is repeated in Grounds One (B) and One (C) of the amended federal habeas petition.

### 4. Cause and Prejudice

The procedural default in this case occurred when the state court rejected petitioner's claims presented for the first time in his state habeas corpus petition. That rejection was based on the state court's application of NRS 34.810(1)(b)(2), upon its determination that the claims could have be raised in petitioner's direct appeal.

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Cause to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998). Petitioner has not established cause and prejudice, or a fundamental miscarriage of justice. This Court is barred from considering Grounds One (B) and One (C) of the amended federal habeas petition, as these claims were procedurally defaulted in state court.

### C. Remaining Grounds Two and Three

Respondents do not challenge Grounds Two and Three of the amended petition in their motion to dismiss, and shall therefore file an answer addressing these remaining grounds.

## III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #17) is **GRANTED**. Grounds One (A), One (B), and One (C) of the amended petition are **DISMISSED** with prejudice.

///
///
///
///

**IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of entry of this order, respondents **SHALL FILE AN ANSWER** addressing Grounds Two and Three of the amended petition.

DATED this 9th day of December, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE