**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID LEE SIEWERT,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　　　)　　3:07-cv-00020-LRH-VPC
　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)　　ORDER
　　　　　　　　　　　　　　　　　　　)
DIRECTOR OF CORRECTIONS, *et al.*,　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　Respondents.　　　　　　　　)
_____/

　　　　This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by David Lee Siewert, a Nevada state prisoner. This action comes before the Court with respect to the merits of the amended petition.

**I.　Procedural History**

　　　　On October 9, 2001, an information was filed in the Fifth Judicial District Court of Nevada, charging petitioner with one count of sexual assault against a child under the age of fourteen. (Exhibit 6).[1] A jury trial was held from February 4, 2002, through February 6, 2002. (Exhibits 13-15). Petitioner was found guilty of the charge. (Exhibit 17). Petitioner's sentencing hearing was conducted on May 22, 2002, at which time he was sentenced to life with the possibility of parole after 10 years. (Exhibit 20).

---

[1] The exhibits referenced in this order were provided by respondents in support of their motion to dismiss and are found in the Court's record at Docket #18 and #19.

Petitioner filed a timely notice of appeal.  (Exhibit 21).  Petitioner filed a motion for a new trial on the same date, June 27, 2002.  (Exhibit 22).  On February 18, 2004, the Nevada Supreme Court issued its order of affirmance.  (Exhibit 29).

Petitioner filed a state post-conviction habeas petition on January 11, 2005.  (Exhibit 33).  The state district court dismissed the habeas petition on December 8, 2005.  (Exhibit 39).  On November 29, 2006, the Nevada Supreme Court issued its order of affirmance of the state district court's denial of petitioner's state habeas petition.  (Exhibit 44).  Remittitur issued on December 26, 2006.  (Exhibit 46).

This Court received petitioner's federal habeas petition on January 10, 2007.  (Docket #1, #4).  Respondents filed a motion for more definite statement.  (Docket #8).  The Court granted respondents' motion by order filed January 17, 2008.  (Docket #11).

Petitioner filed an amended petition on February 15, 2008.  (Docket #12).  Petitioner raises the following grounds in his amended petition:

>    Ground 1(a): "Violation of *Petrocelli* hearing."
>
>    Ground 1(b): "Violation of 72-hour arraignment."
>
>    Ground 1(c): "Violation of preliminary [hearing] law."
>
>    Ground 2: Petitioner alleges that his right to a fair trial was violated because "false testimony was uttered by [a] key witness."
>
>    Ground 3: Petitioner claims that his right to a fair trial was violated because he should have been given a psycho-sexual evaluation prior to his trial rather than before his sentencing.

(Am. Petition, at Docket #12).

Respondents moved to dismiss Grounds 1(a), (b), and (c).  (Docket #17).  By order filed December 10, 2008, this Court determined that Ground 1(a) was not cognizable as a federal habeas claim.  (Docket #24).  The Court further found that Grounds 1(b) and 1(c) were procedurally defaulted.  (*Id.*).  The Court dismissed Grounds 1(a), (b), and (c), and directed respondents to file an

answer addressing Grounds 2 and 3 of the amended petition. (*Id.*). On May 14, 2009, respondents filed their answer. (Docket #34). Petitioner has not filed a reply to the answer.

## II.     Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more

than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. Discussion

### A. Ineffective Assistance of Counsel Standard

The amended petition raises alleged instances of ineffective assistance of counsel. Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted).  If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard.  *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id.*

**B.  Ground 2**

Petitioner claims that his right to a fair trial under the Fifth, Sixth, and Fourteenth Amendments were violated when the state district court did not allow him to present an oral motion for a new trial based on newly-discovered evidence at his sentencing hearing. (Docket #12, at p. 6). Petitioner alleges that his counsel and the court were negligent for not allowing the evidence to be examined.  (*Id.*). Petitioner further alleges that trial counsel was ineffective for failing to take the deposition of Ione Clontz, who provided a letter that was the basis for petitioner's motion for a new trial.  (*Id.*).

At petitioner's May 22, 2002 sentencing hearing, before the court pronounced the sentence, petitioner's counsel moved for a new trial based on newly-discovered evidence. (Exhibit 19, at p. 3). The court ordered sentencing to proceed that day and ordered petitioner's counsel to file a motion for new trial, rather than bring an oral motion. (*Id.*, at p. 5). The court also accepted the letter allegedly written by Ione Clontz as part of petitioner's presentence investigation report. (*Id.*, at p. 6). The court then sentenced petitioner. (*Id.*).

On June 27, 2002, petitioner filed a motion for a new trial. (Exhibit 22). Petitioner relied on newly-discovered evidence, namely, a letter dated May 18, 2002, from a defense trial witness, Ione Clontz, which was sent to defense counsel. (*Id.*, at p. 2). Petitioner asserted that the letter "suggests that the 'complaining witness' may not have been truthful in her testimony at trail [sic]." (*Id.*). Petitioner argued that he was convicted based on the testimony of the victim, his daughter, Roxanne.

(*Id.*, at p. 4). Petitioner asserted that Clontz indicated in her letter that after trial she questioned Roxanne and she believed that Roxanne was not truthful in her trial testimony. (*Id.*).

On March 19, 2003, the state district court held a hearing on petitioner's motion for a new trial. (Exhibit 27). The court recounted the content of the letter that Ione Clontz sent to petitioner's counsel, which was the basis for petitioner's motion for a new trial: In the letter, Clontz wrote that she had stated to Roxanne at some point after trial, "You know very well that your father never touched you in any way or harmed you at all, did he?" (*Id.*, at p. 4). The letter stated that, in response to Clontz's question, Roxanne nodded her head, dropped her eyes and said "I know." (*Id.*). The court noted that Ione Clontz had died sometime after she wrote the letter to petitioner's counsel and that she would not be present as a witness. (*Id.*, at p. 4). The court allowed the Clontz letter to be admitted into evidence at the hearing. (*Id.*). The court then heard the testimony of the victim, Roxanne and her brother, Nicholas. (*Id.*). Both Roxanne and Nicholas' testimony contradicted Clontz's letter. (*Id.*, at pp. 7-10, 12). Petitioner's counsel called no other witnesses and argued that there was sufficient newly discovered evidence to warrant a new trial. (*Id.*, at 16). The court denied the motion for a new trial, as the court believed "that the children are telling the truth about what occurred back then." (*Id.*, at pp. 18-19). The court further found that the children were not coached or led in their testimony at the hearing. (*Id.*, at pp. 19-20).

Petitioner's claim in Ground 2 that the court and trial counsel were negligent for not allowing evidence in support of petitioner's motion for a new trial at sentencing is belied by the record. While petitioner was not allowed to present his motion orally at sentencing, the trial court later held a full hearing on the motion for a new trial, after briefing by the parties. (Exhibit 27). Petitioner has not shown ineffective assistance of counsel or error by the trial court.

Petitioner also claims in Ground 2 that his counsel was ineffective for failing to take the deposition of Ione Clontz due to her age. Petitioner alleges that Clontz's age at the time was 83. However, petitioner fails to explain how his counsel should have predicted that Clontz would die or otherwise be unavailable to testify at the hearing on the motion for a new trial. Petitioner has not shown that his counsel's representation fell below an objective standard of reasonableness.

Additionally, petitioner has not shown that he was prejudiced by his counsel's failure to take a deposition of Clontz. The court admitted Clontz's letter without objection from either party. (Exhibit 27, at p. 4). Petitioner fails to allege what further information Clontz could have provided, had she testified at a deposition. Moreover, petitioner fails to allege that, even if counsel had taken a deposition, that the state court would have admitted the deposition into evidence. Petitioner's counsel was not ineffective for failing to take the deposition of Ione Clontz and petitioner was not prejudiced by the lack of a deposition. Petitioner is not entitled to relief on his allegation of ineffective assistance of counsel.

Regarding the state court's findings and ruling on the motion for new trial, the factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground 2.

**C. Ground 3**

Petitioner claims that his trial counsel was ineffective for failing to "obtain and present psychological testimony relative to [petitioner's] mental status prior to [his] trial." (Docket #12, at p. 9). Petitioner alleges that because of "the mere fact of prior mental health problems" a psychosexual evaluation should have occurred before trial. (*Id.*). Petitioner further alleges that his counsel, the prosecutor, and the judge were negligent for failing to request a psychological evaluation before trial began. (*Id.*). Petitioner claims that his counsel was ineffective for failing to conduct an investigation into Siewert's wife. (*Id.*, at p. 10). Petitioner does not allege why counsel should have further investigated petitioner's wife. (*Id.*).

Citing the appropriate standard under *Strickland v. Washington*, the Nevada Supreme Court addressed petitioner's claim that his counsel was ineffective for failing to obtain and present psychological testimony regarding his mental status prior to or at trial:

>Fourth, appellant claimed that his trial counsel was ineffective for failing to obtain psychological testimony relative to his mental status prior to trial and present such information to the jury. Specifically, appellant claimed that the doctor who conducted a psychosexual examination on him prior to sentencing concluded that appellant was not a pedophile. Appellant argued that his counsel should have had the psychosexual examination prior to trial and had the findings presented to the jury.
>
>Appellant failed to demonstrate that his counsel was deficient. A psychosexual examination is not conducted until after a defendant has been convicted of a sexual offense, and must be made before the imposition of sentence. [Footnote 5: See 1999 Nev. Stat., ch. 310, § 3, at 1285-86 (NRS 176.135)]. Further, appellant failed to demonstrate that presentation of the psychosexual examination findings would have resulted in a different outcome at trial. Although the psychosexual examination report stated the evaluator's opinion that appellant was not a pedophile, the report also stated the evaluator's opinion that appellant was a threat to the health, safety and morals of the community. Accordingly, we conclude that the district court did not err in denying this claim.

(Exhibit 44, at pp. 3-4). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

The Nevada Supreme Court also addressed petitioner's claim that his counsel was ineffective for failing to conduct an investigation into petitioner's wife and to properly cross-examine his wife:

>Sixth, appellant claimed that his trial counsel was ineffective for failing to investigate or properly cross-examine appellant's wife. Specifically, appellant claimed that his counsel should have obtained copies of his wife's daily journal. Appellant further claimed that his counsel should have cross-examined his wife about journal entries indicating that she wanted to get rid of appellant, and about his wife's treatment for bi-polar disorder, her use of psychotropic medications, and her being delusional and suicidal. Appellant asserted that such investigation and cross-examination would have undermined the credibility of his wife's testimony.
>
>Appellant failed to demonstrate that his counsel was deficient. The record indicates that appellant's counsel rigorously cross-examined appellant's wife. Further, appellant failed to demonstrate that additional investigation or cross-examination of appellant's wife

> would have altered the outcome of the trial. It was appellant's daughter, not his wife, who was the victim and accused appellant. Appellant's daughter testified at trial as to the sexual acts and touching her father engaged in with her. Appellant failed to demonstrate that additional investigation or cross-examination of appellant's wife would have diminished the credibility of the victim's testimony. Accordingly, we conclude the district court did not err in denying this claim.

(Exhibit 44, at pp. 5-6). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court denies habeas relief as to Ground 3.

## IV. Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

///

///

**V.     Conclusion**

**IT IS THEREFORE ORDERED** that the amended petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 9th day of December, 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE